In Re the Petition for DISCIPLINARY ACTION against Emanuel A. SERSTOCK, an Attorney at Law of the State of Minnesota.

No. CX–87–1101.

Supreme Court of Minnesota.

March 3, 1994.

*ORDER*

This court indefinitely suspended Emanuel A. Serstock on December 2, 1988 from the practice of law for a minimum period of two years for misconduct arising out of a conflict of interest between Serstock's personal interests and his public duty as chief deputy city attorney for the Criminal Division of the Minneapolis City Attorney's Office; and for Serstock's failure to timely file individual income tax returns for tax years 1983, 1984, 1985 and 1986. On March 3, 1993, Serstock filed his petition for reinstatement with this court, whereupon the Director of the Office of Lawyers Professional Responsibility commenced an investigation pursuant to Rule 18, Rules on Lawyers Professional Responsibility. As a result of her investigation, the Director determined that Serstock has paid the costs and disbursements ordered by this court pursuant to Rule 24, Rules on Lawyers Professional Responsibility; has taken and passed the multi-state professional responsibility bar examination; has substantially complied with Rule 26, Rules on Lawyers Professional Responsibility; is current in his continuing legal education requirements; and has no client security fund claims pending against him.

On September 23, 1993, a hearing was held before a Panel of the Lawyers Professional Responsibility Board, resulting in the filing by the Director of the Panel's Findings of Fact, Conclusions of Law and Recommendation along with the Director's report and conclusions of the Rule 18 investigation. The Panel recommended that Serstock be reinstated. The parties concur with this recommendation and, in a stipulation for reinstatement filed November 16, 1993, they requested that the court issue an order reinstating Serstock and placing him on supervised probation for a period of two years, subject to the conditions contained in the stipulation.

In consideration of the Director's Report and Conclusions of Investigation, the Panel's Findings of Fact, Conclusions of Law and Recommendation, the parties' Stipulation for Reinstatement, and the filings and record herein, IT IS HEREBY ORDERED:

1. That Emanuel A. Serstock hereby is reinstated to the practice of law and placed on supervised probation for a period of two years commencing with the date of this order.

2. That the conditions of Serstock's probation shall be as follows:

a. Serstock shall cooperate fully with the Director's Office in its efforts to monitor his compliance with this probation and promptly shall respond to the Director's correspondence by the due date; and Serstock shall cooperate fully with the Director's investigation of any allegations of unprofessional conduct against him which may come to the Director's attention. Upon the Director's request, Serstock shall provide authorization for release of information and documentation to verify his compliance with the terms of this probation.

b. Serstock shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. He shall provide to the Director the names of four attorneys who have agreed to be nominated as his supervisor within two weeks of the date of this order. If, after diligent effort, Serstock is unable to locate a supervisor acceptable to the Director, the Director shall appoint a supervisor. Until a supervisor has signed a consent to supervise, Serstock shall provide the Director with a monthly inventory of active client files as described below. In addition, he shall make active client files available to the Director upon request.

c. Serstock shall cooperate fully with the supervisor in all efforts to monitor compliance with this probation. He shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter and, on the first day of each month during this probation, shall submit to the supervisor

an inventory of all active client files. For each active file, the inventory shall disclose the client name, type of representation, date opened, whether a conflict of interest check has been made, most recent activity, next anticipated action, and anticipated closing date. Serstock's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

d. Serstock shall initiate and maintain office procedures which will ensure that he avoids conflicts of interest; responds promptly to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters he is handling; reviews his files on a regular basis; and completes legal matters in a timely manner.

e. Serstock shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, Minnesota Rules of Professional Conduct, and Lawyers Professional Responsibility Board Amended Opinion No. 9. On the first day of each month, he shall make all books and records pertaining to his law office and trust accounts available to his supervisor and shall also make such books and records available to the Director upon request.

f. Serstock shall timely file all state and federal tax returns, including individual and employer withholding returns and shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with filing requirements. Such reports shall include copies of the required returns. On or before the filing deadline, he shall provide the Director with copies of all applications for filing extension and proof of approval of such applications. All documents and information required herein shall be provided without specific reminder or request.

g. If, after the conclusion of one year of supervision, the supervisor recommends to the Director that the remaining term of probation may be unsupervised, the Director, in her sole discretion, may waive any supervision requirements for the remaining term of probation. All other terms and conditions of probation shall remain in full force and effect.

PAGE, J. took no part.